**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Nemeth,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>                Defendant. | No. CV-12-02242-PHX-DGC<br><br>**ORDER** |

      Plaintiff brought this action for judicial review pursuant to 42 U.S.C. § 405(g) after his application for disability benefits was denied. Doc. 1. The Court reversed Defendant's decision and remanded the case for further proceedings. Doc. 28.

      Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Doc. 32. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant the motion and award Plaintiff attorney's fees in the amount of $6,931.63.

      "The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Doc. 28; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable attorney's fees under the EAJA unless Defendant shows that his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258. A position is substantially

justified "if it has a reasonable basis in fact and law." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

Defendant does not contend that an award of fees in this case would be unjust. Nor has she shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified. Rather, Defendant argues that because "reasonable people can disagree whether the [ALJ's] decision in this case was appropriate," her position in this case was substantially justified. Doc. 33 at 4. The Court found that the ALJ committed legal error by failing to resolve a conflict between the *Dictionary of Occupational Titles* ("DOT") and the testimony of a vocational expert. Doc. 28 at 8-9. Where such a conflict exists, the Ninth Circuit requires that the ALJ must "determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007). Here, the Court noted that although the ALJ did identify such a conflict, she "did not provide a basis for relying on the vocational expert's opinion as required by the Ninth Circuit." Doc. 28 at 9. Because the ALJ's decision did not comport with this requirement, Defendant's position cannot be said to have a "reasonable basis in law" and was not substantially justified.[1]

Plaintiff's counsel, Eric G. Slepian, has filed an affidavit (Doc. 32-1 at 9) and an itemized statement of fees (Doc. 32-1 at 6-7) showing that he worked 37.20 hours on this case. Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

---

[1] Defendant's response contains several pages devoted to the argument that an award of fees should not be paid directly to Plaintiff's counsel. Doc. 33 at 6-9. Plaintiff's application for fees, however, does not request that an award of fees be paid directly to his counsel. Moreover, Plaintiff's reply notes that fees are indeed payable to Plaintiff. Doc. 34 at 9.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Doc. 32) is **granted**.

2. Plaintiff is awarded **$6,931.63** pursuant to 28 U.S.C. § 2412.

Dated this 30th day of January, 2014.

_____
David G. Campbell
United States District Judge